**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
JESUS CHAPPOTIN,

                              Plaintiff,

           -against-                              **PLAINTIFF DEMANDS**
                                                  **A TRIAL BY JURY**

GETIR US INC., and GOKHEL DOE, *Individually,*

                              Defendants.
------------------------------------------------------------------X

        Plaintiff Jesus Chappotin, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at

Law, PLLC, hereby complain of the Defendants as follows:

### NATURE OF THE CASE

1.      Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42

        U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991,

        Pub. L. No. 102-166 ("Title VII")); the <u>New York State Human Rights Law</u>, New York

        State Executive Law § 296, et seq. ("NYSHRL"); and the <u>New York City Human Rights</u>

        <u>Law</u>, New York City Administrative Code § 8-107 *et seq.*, ("NYCHRL"); and seek

        damages to redress the injuries he has suffered as a result of being subjected to

        discrimination by his employer solely on the basis of his sexual orientation and retaliation

        for complaining of said discrimination.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is proper under Diversity Jurisdiction 28 U.S.C. §1332, and 28

        U.S.C. §§1331 and 1343.

3.      The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law

pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the occurrences giving

rise to this action took place within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5.      Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal

Employment Opportunity Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue from the EEOC, dated September 27, 2023, with

respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.      This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8.      Plaintiff JESUS CHAPPOTIN (hereinafter "Plaintiff") is a resident of the State of New

Jersey, County of Hudson.

9.      At all times relevant, Plaintiff identifies as a homosexual male.

10.     GETIR US INC. ("GETIR"), a Defendant herein, was and is a corporation organized and

existing as such under and by the virtue of the laws of the State of New York with an office

located at 21-00 49th Avenue, Long Island City, New York, NY 11101.

11.     At all times relevant hereto, Plaintiff was an employee of Defendant GETIR.

12.     At all times relevant hereto, Defendant GOKHEL DOE ("GOHEL") was an employee of

Defendant GETIR, holding the position of "Shift Manager."

13.     At all times relevant hereto, Defendant GOKHEL was Plaintiff's supervisor and/or held

supervisory authority over Plaintiff.  Defendant had the authority to hire, terminate, and/or

affect the terms and conditions of Plaintiff's employment.

14.     Defendants GETIR, and GOKHEL are collectively referred to herein as "Defendants."

## MATERIAL FACTS

15.    On or about March 3, 2022, Plaintiff began working for GETIR as an "E-biker."

16.    As an "E-biker," Plaintiff's duties included but were not limited to accepting packed grocery orders and delivering the orders safely to customers via an Electronic Bicycle provided by GETIR.

17.    On or about that same week, Plaintiff began being harassed and verbally discriminated against by his co-worker and fellow E-biker Raphy, Last Name Unknown ("Raphy").

18.    Over the course of two (2) weeks, Raphy made statements to Plaintiff such as calling him a "pussy boy," a "marshmallow" and stating "[y]ou're not a man."

19.    Over approximately the same amount of time, Raphy also called Plaintiff a "faggot" at least a dozen times.

20.    On or about March 20, 2022, Plaintiff asked his shift leader Defendant GOKHEL for a transfer and complained of Raphy's discriminatory treatment and bigoted harassment.

21.    Defendant GOKHEL informed Plaintiff that he had been taken off of Raphy's shifts. However, Raphy's discriminatory conduct continued thereafter via text messages and phone calls.

22.    On or about early April of 2022, Plaintiff was placed back on rotation with Raphy.

23.    On or about April 10, 2022, Plaintiff again complained to Defendant GOKHEL as well as Human Resources to ask for another transfer. Plaintiff informed both parties of Raphy's continued conduct as he felt threatened, discriminated against, and unsafe.

24.    On or about April 15, 2022, Plaintiff was completely removed from the shift schedule without any explanation.

25.    On or about April 21, 2022, Plaintiff inquired to Defendant GOKHEL about being placed back on the schedule but received no clear response.

26.     On or about May 3, 2022, Plaintiff again inquired to Defendant GOKHEL about being placed back on the schedule and was told that he "should start looking for another job."

27.     On or about May 6, 2022, Plaintiff again reached out to Heidi Chen in Human Resources regarding the bullying and harassment based on his sexual orientation, and to again inquire regarding the status of his employment. Ms. Chen did not respond directly to Plaintiff's inquiries but instead forwarded Plaintiff to another colleague in Human Resources.

28.     On May 9, 2022, Plaintiff received an e-mail notification from Sarah Wolf of Human Resources that he had been terminated effective as of May 4, 2022.

29.     Plaintiff was subjected to discrimination based on his sexual orientation and terminated in retaliation for complaining of said discrimination.

30.     Plaintiff was subjected to such a discriminatory, hostile and abusive work environment that no reasonable person should or could be expected to endure.

31.     Defendants created a hostile working environment, which unreasonably interfered with Plaintiff' work environment.

32.     Plaintiff was treated differently by Defendants solely due to his sexual orientation.

33.     Plaintiff has been unlawfully discriminated against, humiliated, degraded, and belittled, and, as a result, suffer loss of rights, emotional distress, loss of income, earnings and physical injury.

34.     Defendants' actions and conduct were intentional and intended to harm Plaintiff.

35.     As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

36.   Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.   As such, Plaintiff demand punitive damages as against all Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

37.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

38.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [they have] opposed any practice made an unlawful employment practice by this subchapter, or because [they have] made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

39.   Defendant GETIR engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of their opposition to the unlawful employment practices of Defendants' employees.

**AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION**

**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

40.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

41.  The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age**,** race, creed, color, national origin, gender, disability, marital status, sexual

5

orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

42. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his race.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

45. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (Against Individual Defendant)

46. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

48. Defendant DOE engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

49. Plaintiff  repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        (1) the employee or agent exercised managerial or supervisory responsibility; or

        (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

    c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

1.      Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

2.      The New York State Executive Law § 296(1)(a) provides that,

> It shall be an unlawful discriminatory practice: For an employer . . . because of an individual's age, race, creed, color, national origin, **sexual orientation**, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

3.      Defendants engaged in an unlawful discriminatory practice in violation of the New York State Executive Law § 296(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his sexual orientation.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

4.      Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

5.      New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

6.      Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's engagement in an activity protected under this law.

Defendant GETIR violated the above section as set forth herein.

8

## JURY DEMAND

51.     Plaintiff demands a trial by jury.

   **WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the New York City Administrative Code § 8-107, *et seq.*, and the New York State Human Rights Law, in that Defendants discriminated against Plaintiff on the basis of his sexual orientation, and retaliated against him for objecting to and resisting Defendants' discriminatory treatment;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to their reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated:  New York, New York
        December 22, 2023

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**


                                By:     _____
                                                /s/ Melissa Vo
                                        Melissa Vo, Esq.
                                        *Attorneys for Plaintiff*
                                        45 Broadway, Suite 620
                                        New York, New York 10006
                                        (212) 248-7431
                                        mvo@tpglaws.com

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Jesus Chappotin<br>c/o Phillips & Associates 45 Broadway, Suite 430<br>New York, NY 10006 | From: | New York District Office<br>33 Whitehall St, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| EEOC Charge No.<br>520-2023-01435 | EEOC Representative<br>**ALEXANDER ADESHCHENKO,**<br>**Supervisory Investigator** | Telephone No.<br>9295065312 |
|---|---|---|

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Timothy Riera
09/27/2023

Enclosures(s)

**Timothy Riera**
**Acting District Director**

cc:

Melissa Vo
mvo@tpglaws.com
Shawn Clark
sclark@tpglaws.com

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 – not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***